**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,     )<br>                                                                           )<br>                                                                           )<br>           **Plaintiff,**                                              )<br>                                                                           )<br>     v.                                                                  )<br>                                                                           )<br>NHC HEALTHCARE/CLINTON, LLC,                      )<br>                                                                           )<br>           **Defendant.**                                          )<br>_____)   | **CIVIL ACTION NO.**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (pregnancy) and disability, and to provide appropriate relief to Tonya Aria ("Aria") who was adversely affected by such practices.  As alleged with greater particularity below, Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC"), alleges that Defendant, NHC Healthcare/Clinton, LLC ("Defendant"), failed to provide Aria with a reasonable accommodation and subsequently discharged her because of her disability, in violation of the ADA.  The Commission further alleges that Defendant discharged Aria based on her sex, female (pregnancy), in violation of Title VII.

JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to: Section 706(f)(1) and (3)

Title VII, 42 U.S.C. § 2000e–5(f)(1) and (3); Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina.  This lawsuit is being filed in the Greenville Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Greenville Division.

## PARTIES

3.      Plaintiff  is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADA, and is expressly authorized to bring this action by: Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3) and by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been a South Carolina limited liability company doing business in the State of South Carolina and the City of Clinton, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g), and (h), and within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporate by reference Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.    At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.    More than thirty days prior to the institution of this lawsuit, Aria filed a charge with the Commission alleging violations by Defendant of Title VII and of Title I of the ADA. All conditions precedent to the institution of this lawsuit have been fulfilled.

Aria's disability

8.    In 1999, Aria was diagnosed with paroxsmal supraventricular tachycardia ("PSVT"). Persons with PSVT have an abnormal heart rhythm caused by faulty electrical connections in the heart that cause the heart to beat very rapidly, sometimes up to 300 beats per minute. PSVT occurs in sudden episodes that can last minutes or hours.

9.    When Aria experiences a PSVT episode, her heart rate increases and she experiences additional symptoms, such as numbness in her fingers and toes, tunnel vision, and occasional black outs. Aria's PSVT episodes can last from a few minutes to several hours. Following a PSVT episode, Aria generally becomes extremely fatigued.

10.   To control her PSVT, Aria takes medication that minimizes the number and length of her PSVT episodes. It is not recommended that Aria take medication for her PSVT when she is pregnant due to potential complications to the fetus. Consequently, Aria's PSVT symptoms are exacerbated and occur more often when she is pregnant. Likewise, Aria's PSVT causes her to experience more severe pregnancy-related symptoms such as fatigue, nausea and dehydration.

Failure to Accommodate - Disability

11. Since at least December 21, 2012, Defendant engaged in unlawful employment practices at its facility in Clinton, South Carolina, in violation of Section 102(a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(A), 42 U.S.C. § 12112, by failing to provide Aria, who has a disability within the meaning of the ADA, with a reasonable accommodation, as more fully described below.

12. Around February 21, 2002, Defendant hired Aria as a full-time Licensed Practical Nurse at its nursing center located in Clinton, South Carolina.  At the time Aria was hired, Aria informed Defendant that she has PSVT.

13. In mid-December 2012, Aria told Defendant's Director of Nursing that she was pregnant.  Aria stopped taking her medication for PSVT when she learned that she was pregnant.  On December 20, 2012, Aria sought medical treatment due to nausea, vomiting and other pregnancy-related issues.  Aria's obstetrician placed Aria on medical leave from December 21 through December 26, 2012.  Aria's obstetrician's office faxed a note to Defendant's facility on December 20, 2012, related to Aria's impending absence.

14. After her medical appointment on December 20, 2012, Aria called Defendant's nursing secretary and informed the nursing secretary she would not be able to work as scheduled on December 21, 25 and 26, 2012.

15. When Aria arrived at work on January 4, 2013, her next scheduled work day, the Director of Nursing issued Aria written warnings for her absences on December 21 and December 25, 2012, and a final written warning for her absence on December 26, 2012. Defendant claims it had previously issued Aria "verbal warnings" for absences on October 1, 2012, October 24, 2012 and December 10, 2012.

16.     Defendant claims that Aria was issued the disciplinary actions referenced above because the absences were "unplanned" and subject to disciplinary action under Defendant's "Attendance and Absenteeism" policy ("Policy").  The Policy provides that an absence is "unplanned" if it is not planned and approved at least 24 hours in advance.

17.     Aria worked a twelve hour shift on each of January 7, 8, and 9, 2013.  During that time, Aria suffered from pregnancy-related nausea and vomiting.

18.     On January 11, 2013, Aria sought treatment from her obstetrician.  Due to her medical condition, Aria was placed on bed rest and written out of work through January 20.  On January 11, 2013, following Aria's appointment, the obstetrician's office faxed a note to Defendant regarding Aria's medical condition.

19.     Based on her regular work schedule of three days per week/12 hours per day, Aria would miss approximately three (3) days of work between January 11 and January 20, 2013.

20.     On January 14, 2013, Aria's next scheduled work day, Aria called Defendant and informed Defendant's unit wing manager that her obstetrician had written her out of work for the week.  During the conversation, the unit wing manager told Aria that her shift was already covered.

21.     On January 15, 2013, at Defendant's request, Aria went to Defendant's facility to meet with the Director of Nursing and one of the unit wing managers.  During the meeting, the Director of Nursing handed Aria a written termination notice.  Aria was informed that she was being discharged because of her absences and that she could reapply to work for Defendant after giving birth.

22.     At all relevant times, Aria was qualified to perform the essential functions of the LPN position she held with a reasonable accommodation, specifically a modification of

5

Defendant's policy or practice of firing employees based on accruing a certain number of absences within a certain time frame even if the absences are related to a disability. At minimum, on or about January 14, 2013, Aria told Defendant that her leave was for medical reasons and requested that her absence be excused, i.e., considered "planned." because it was related to her medical condition. Defendant refused to grant Aria's request, and instead discharged Aria.

23. In the alternative, on or about January 14, 2013, Aria requested a leave of absence through January 20, 2013, as a reasonable accommodation. Defendant refused to grant Aria's request, and instead discharged Aria.

24. Defendant failed to provide Aria with a reasonable accommodation of her disability, in violation of the ADA.

Discharge – Disability

25. On or about January 15, 2013, Defendant engaged in unlawful employment practices at its facility in Clinton, South Carolina, in violation of Section 102(a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(A), 42 U.S.C. § 12112, by discharging Aria because of her disability, as described more fully below

26. The allegations contained in paragraphs 8 through 23 are incorporated as if set forth fully herein.

27. Defendant discharged Aria because it refused to provide an accommodation of her absences from work. Thus, Defendant discharged Aria because of her disability, in violation of the ADA.

Discharge - Pregnancy

28.     On or about January 15, 2013, Defendant engaged in unlawful employment practices at its Clinton, South Carolina facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by discharging Aria because of her sex (pregnancy), as described more fully below.

29.     The allegations contained in paragraphs 8 through 27 are incorporated as if set forth fully herein.

30.     At all times relevant, Aria performed her job duties at a level that met Defendant's legitimate expectations.

31.     Defendant claims it terminated Aria's employment because she had seven "unplanned" absences within a 90-day timeframe. In fact, Aria did not have seven absences within a 90-day timeframe. Further, some of the absences Defendant claims were "unplanned" were in fact "planned" under Defendant's Policy. Therefore, Aria should not have been subjected to discipline or discharged pursuant to Defendant's own Policy.

32.     At the time Defendant discharged Aria, Defendant told Aria she could reapply to work for Defendant after she gave birth.

33.     Thus, Defendant discharged Aria because of her sex, female (pregnancy), in violation of Title VII.

34.     The effect of the practices complained of above has been to deprive Aria of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability and because of her sex, female (pregnancy).

35.     The unlawful employment practices complained of above were intentional.

7

36.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Aria.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining the Defendant, its officers, agents, employees, attorneys, successors, assigns and all persons in active concert or participation with them, from failing to accommodate and discharging its employees with disabilities who require leave as an accommodation, and engaging in any other employment practices that discriminate on the basis of disability.

B.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices that discriminate on the basis of sex, including pregnancy.

C.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant women and for individuals with physical impairments, and which eradicate the effects of its past and present unlawful employment practices.

D.     Order Defendant to make Tonya Aria whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Aria or front pay in lieu thereof, and lost and/or reduced employee benefits.

E.     Order Defendant to make Aria whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above,

including, but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, job search expenses and medical expenses, in amounts to be determined at trial.

F.  Order Defendant to make Aria whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial.

G.  Order Defendant to pay Aria punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated this the 29th day of June, 2015.

> Respectfully submitted,
>
> EQUAL EMPLOYMENT OPPORTUNITY
> COMMISSION
>
> P. DAVID LOPEZ
> General Counsel
>
> JAMES L. LEE
> Deputy General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel
> Equal Employment Opportunity Commission
> 131 M Street, NE
> Washington, D.C. 20507

LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney

KARA GIBBON HADEN
Supervisory Trial Attorney


**s/Rachael S. Steenbergh**
RACHAEL S. STEENBERGH
(Fed. Bar No. 10867)
Trial Attorney
Email: Rachael.steenbergh@eeoc.gov
129 W. Trade St., Suite 400
Charlotte, NC 28202
Tel: (704) 954-6472
Fax: (704) 954-6412


**ATTORNEYS FOR PLAINTIFF**